### WILSON v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. February 2, 1906.)

#### No. 112.

CUSTOMS DUTIES—CLASSIFICATION—COTTON TABLE DAMASK—ARTICLES IN THE PIECE—COTTON CLOTH.

Articles of cotton table damask, woven in the piece, are included within the expression "cotton table damask" in paragraph 321, Tariff Act July 24, 1897, c. 11, § 1, Schedule I, 30 Stat. 179 [U. S. Comp. St. 1901, p. 1661], and are dutiable under that paragraph rather than under the provisions of Schedule I for "cotton cloth" because it is more specific than such provisions.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the Circuit Court, Southern District of New York, which affirmed a decision of the Board of General Appraisers sustaining the classification by the collector of the port of New York of certain goods for tariff duty.

For decision below, see 138 Fed. 1007, affirming a decision of the Board of United States General Appraisers, which, on the authority of previous decisions of the Board (G. A. 5,527, T. D. 24,880, and G. A. 5,612 T. D. 25,107), had overruled protests of Thomas Wilson & Co. against the assessment of duty by the collector of customs at the port of New York. The goods in controversy consisted of articles of cotton table damask in the piece, which had been

classified as manufactures of cotton, under Tariff Act July 24, 1897, c. 11, § 1, Schedule I, par. 322, 30 Stat. 179 [U. S. Comp. St. 1901, p. 1661], and were claimed by the importers to be dutiable under the provisions of said schedule for "cotton cloth." The Board was of opinion that the goods should have been classed as "cotton table damask," under paragraph 321, 30 Stat. 179 [U. S. Comp. St. 1901, p. 1661], and overruled the importers' protests because this contention was not made therein.

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for the importers.

Henry A. Wise, Asst. U. S. Atty.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. The Board returns that the "merchandise consists of napkins or cloths woven in the piece, composed of cotton table damask." The relevant paragraph (Tariff Act July 24, 1897, c. 11, § 1, Schedule I, 30 Stat. 179 [U. S. Comp. St. 1901, p. 1661]), is "(321). Cotton table damask, forty per centum." The record is wholly barren of any testimony as to trade meaning of these words, and the common and popular meaning is certainly broad enough to cover the merchandise in question. Whether, as suggested on the argument, it also includes individual napkins and tablecloths cut off from the piece is a question not presented by this record, since the importer does not seek to review the Board's classification of the individual articles under the countable cotton clauses; therefore, we express no opinion thereon. Certainly, the phrase "cotton table damask" is more specific than the various countable cotton provisions.

Decision affirmed.